JOHN A. CASE, JR. (126671)
jcase@CaseWebLaw.com
LAW OFFICES OF JOHN A. CASE, JR.
11601 Wilshire Blvd. Suite 500
Los Angeles, California 90025
(310) 203-3911, fax (310) 867-2096

Attorneys for Plaintiff
GUIDO KARP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDO KARP, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RIZZOLI/RCS LIBRI S.P.A., an Italian company; RIZZOLI INTERNATIONAL PUBLICATIONS, INC., a New York corporation; RIZZOLI BOOKSTORES, INC., a New York corporation; EROS RAMAZZOTTI, an individual; GIULIO MAZZOLENI, an individual; MASSIMILIANO TOMMASINI, an individual; MARIANNA LOY, an individual; MARCO AUSENDA, an individual; MODADORI BOOKS S.P.A., an Italian company; ERNESTO MAURI, an individual; ANTONIO PORRO, an individual; ENRICO SELVA CODDE, an individual; AMAZON.COM INC., a Delaware corporation;  and DOES 1 through 100, inclusive,<br><br>                    Defendants.<br>_____ | Case No.<br><br>COMPLAINT FOR:<br><br>(1)   DIRECT COPYRIGHT<br>       INFRINGEMENT<br><br>(2)   CONTRIBUTORY<br>       COPYRIGHT<br>       INFRINGEMENT<br><br>(3)   VICARIOUS COPYRIGHT<br>       INFRINGEMENT<br><br>(4)   INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL |

1

COMPLAINT

1            For his Complaint herein, plaintiff GUIDO KARP, an individual,

2 alleges, based upon his own personal knowledge or upon information and

3 belief as to matters not within his own personal knowledge, as follows:

4

5                           ***NATURE OF THE ACTION***

6            1.     Plaintiff GUIDO KARP is an internationally recognized

7 photographer, specializing in music and celebrity photography.  Plaintiff has a

8 storied history producing photographs of and about many musical artists, such

9 as Michael Jackson, AC/DC, The Rolling Stones, Justin Timberlake, and

10 many more.  For decades, plaintiff crouched the sidelines, capturing the

11 action all around the world, preserving with his photography historic concerts,

12 great hits, and remarkable appearances.  Plaintiff's collection represents the

13 physical embodiment of the musicians' life work, and a devotion to capturing

14 the history of celebrated artists for generations to come.

15            2.     This action involves photographs taken, created, and owned

16 by plaintiff GUIDO KARP.  Plaintiff registered such photographs with the U.S.

17 Copyright Office, registration number VA0001666706.  Such photographs are

18 referred to collectively herein as the "Copyrighted Works."

19            3.     Defendants are infringing the Copyrighted Works by

20 reproducing, copying, duplicating, publicly displaying, distributing, preparing

21 derivative works based upon, and otherwise exploiting the Copyrighted

22 Works, in physical and digital forms, and by manufacturing, selling, offering to

23 sell, marketing, advertising, promoting, shipping, distributing, and otherwise

24 exploiting exact copies of the Copyrighted Works, or substantially similar

25 copies of the Copyrighted Works, or derivative works based upon the

26 Copyrighted Works, among other infringements, knowingly and wilfully,

27 without plaintiff's authorization, and despite actual notice of copyright

28 infringement.

COMPLAINT

1           4.    At a maximum of $150,000 per registered work in cases of

2   wilful infringement, the statutory damages in this case are not less than

3   $300,000.  As described below, defendants' infringements are wilful,

4   intentional, deliberate, and made despite actual notice of copyright

5   infringement.  Even if the infringements were not wilful (which they are),

6   statutory damages are not less than the range of $1,500 to $60,000, at the

7   statutory rate of $750 to $30,000 for non-wilful infringements.

8           5.    Defendants' conduct has caused and continues to cause

9   plaintiff grave and irreparable harm, for which there is no adequate remedy at

10   law.

11

12                    ***JURISDICTION AND VENUE***

13           6.    This Court has subject matter jurisdiction over the federal

14   claims alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15           7.    Venue is proper in this Court pursuant to 28 U.S.C.

16   §§ 1391(b) and 1400 because a substantial part of the events or omissions

17   giving rise to the claims pleaded herein occurred in the Central District of

18   California; one or more defendants reside, may be found, or are subject to

19   personal jurisdiction in the Central District of California; and one or more

20   defendants are not resident in the United States.

21

22                        ***PARTIES***

23           8.    Plaintiff GUIDO KARP ("Karp") is a individual domiciled in

24   the County of Los Angeles, State of California.

25           9.    On information and belief, defendant RIZZOLI/RCS LIBRI

26   S.P.A. is an Italian company with its principal place of business in Italy.

27          10.    On information and belief, defendant RIZZOLI

28   INTERNATIONAL PUBLICATIONS, INC. is a corporation incorporated under

COMPLAINT

the laws of the State of New York, with its principal place of business in the State of New York.

11. On information and belief, defendant RIZZOLI BOOKSTORES, INC. is a corporation incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

12. On information and belief, defendant EROS RAMAZZOTTI is an individual residing in Italy.

13. On information and belief, defendant GIULIO MAZZOLENI is an individual residing in Italy.

14. On information and belief, defendant MASSIMILIANO TOMMASINI is an individual residing in Italy.

15. On information and belief, defendant MARIANNA LOY is an individual residing in Italy.

16. On information and belief, defendant MARCO AUSENDA is an individual residing in the State of New York.

17. On information and belief, defendant MODADORI BOOKS S.P.A. is an Italian company with its principal place of business in Italy.

18. On information and belief, defendant ERNESTO MAURI is an individual residing in Italy.

19. On information and belief, defendant ANTONIO PORRO is an individual residing in Italy.

20. On information and belief, defendant ENRICO SELVA CODDE is an individual residing in Italy.

21. On information and belief, defendant AMAZON.COM INC. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Washington.

//

COMPLAINT

22.     Plaintiff is unaware of the true names and capacities of the defendants sued as DOES 1 through 100, inclusive, and therefore sues those defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when that information is ascertained. Plaintiff is informed and believe, and therefore alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by such defendants.

23.     On information and belief, defendants' actions alleged herein were undertaken by each defendant individually; were actions that each defendant caused to occur; were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct; or were actions in which each defendant assisted, participated, or otherwise encouraged; and are actions for which each defendant is liable.  On information and belief, each of the defendants acted as the agent, employee, partner, co-conspirator, or alter ego of each of the other defendants.  On information and belief, in performing the acts and omissions alleged herein, each of the defendants acted within the course and scope of such agency, employment, partnership, conspiracy, or alter ego relationship.  On information and belief, in performing the acts and omissions alleged in this Complaint, each of the defendants herein acted in concert and conspiracy with each of the other defendants herein; and aided and abetted the other defendants, in that each defendant had knowledge of those actions, provided assistance, and benefited from those actions, in whole or in part; except as otherwise specifically alleged herein.

//

//

//

COMPLAINT

### ***GENERAL ALLEGATIONS***

The Original Copyrighted Works

24.    Plaintiff GUIDO KARP is the author, creator, and owner of various photographs taken of the musician EROS RAMAZZOTTI during a concert tour in 1998.  Plaintiff registered such photographs with the U.S. Copyright Office in 2008.  The photographs were assigned U.S. copyright registration number VA0001666706.  The Copyrighted Works in issue in this case consist of (i) a photograph of EROS RAMAZZOTTI with Tina Turner; and (ii) a photograph of EROS RAMAZZOTTI with Joe Cocker, which were registered with the U.S. Copyright Office under registration number VA0001666706.

Acts of Copyright Infringement

25.    On and after May 5, 2016, EROS RAMAZZOTTI's biography entitled "Grazie di Cuore" (the "Book") was published, distributed, offered for sale, and sold internationally.  The publisher is defendant RIZZOLI/RCS LIBRI S.P.A.  The Book contains unauthorized reproductions of the Copyrighted Works.  Plaintiff did not authorize or license such reproductions of the Copyrighted Works in the Book, and plaintiff was not paid for defendants' unauthorized reproductions of the Copyrighted Works in the Book.

26.    On information and belief, defendants EROS RAMAZZOTTI, GIULIO MAZZOLENI, MASSIMILIANO TOMMASINI, and MARIANNA LOY, among other defendants, caused, directed, controlled, approved, and ratified the reproduction of the Copyrighted Works in the Book with notice and knowledge that plaintiff did not authorize such reproduction.

27.    On information and belief, defendants RIZZOLI/RCS LIBRI S.P.A., RIZZOLI INTERNATIONAL PUBLICATIONS, INC., RIZZOLI BOOKSTORES, INC., MODADORI BOOKS S.P.A., and AMAZON.COM INC.,

1  among other defendants, were and are distributing, offering for sale, and

2  selling the Book containing the unauthorized reproductions of the Copyrighted

3  Works to the general public through various distribution channels, nationally

4  and internationally.

5        28.   On information and belief, MARCO AUSENDA, ERNESTO

6  MAURI, ANTONIO PORRO, and ENRICO SELVA CODDE, among other

7  defendants, caused, approved, and ratified the distribution and sale of the

8  Book containing the unauthorized reproductions of the Copyrighted Works.

9        29.   On May 4, 2016, defendant EROS RAMAZZOTTI uploaded

10  a video to YouTube previewing the Book.  This video displayed the

11  Copyrighted Works.  The video has continuously exhibited the Copyrighted

12  Works to the general public, from May 4, 2016 to the present day, and

13  continues to exhibit the Copyrighted Work to the general public, online at the

14  following URL:  https://www.youtube.com/watch?v=1Gz56Ak-05o.

15

16  Notice of Infringement

17        30.   In February 2016, defendant MARIANNA LOY, on behalf of

18  defendant RIZZOLI/RCS LIBRI S.P.A., approached plaintiff requesting to

19  license the Copyrighted Works for inclusion within the Book.  Plaintiff offered a

20  license, with the express condition that defendants' use of the Copyrighted

21  Works was not authorized unless plaintiff received payment in full for the

22  license before publication.  Defendants never paid plaintiff for the license and,

23  accordingly, reproduced the Copyrighted Works in the Book without

24  authorization.  No one sought a license to display the Copyrighted Works in

25  the Book in a public YouTube video.

26        31.   Subsequent to publication of the Book containing the

27  Copyrighted Works, plaintiff gave notice to other defendants that the Book

28  was infringing plaintiff's copyrights in the Copyrighted Works, but such

1  defendants continued to distribute, offer for sale, and sell the Book containing

2  the Copyrighted Works with notice and knowledge with notice and knowledge

3  that plaintiff did not authorize reproduction of the Copyrighted Works within

4  the Book.

5

6  Continuing Copyright Infringement

7      32.   Defendants continue to reproduce, copy, duplicate, publicly

8  display, distribute, prepare derivative works based upon, and otherwise

9  exploit the Copyrighted Works, in physical and digital forms, and to

10  manufacture, sell, offer to sell, market, advertise, promote, ship, distribute,

11  and otherwise exploit exact copies of the Copyrighted Works, or substantially

12  similar copies of the Copyrighted Works, or derivative works based upon the

13  Copyrighted Works, among other infringements, knowingly and wilfully,

14  without plaintiff's authorization.  Defendants are doing so now, without

15  plaintiff's authorization and to plaintiff's detriment.  Among other things,

16  defendants are manufacturing, selling, offering to sell, marketing, advertising,

17  promoting, shipping, and distributing copies of the Book containing the

18  Copyrighted Works, or derivative works based upon the Copyrighted Works.

19  Defendants' misconduct constitutes knowing and wilful infringement of the

20  Copyrighted Works.  Plaintiff is informed and believes that defendants are

21  currently in possession of infringing products.

22      33.   Plaintiff is informed and believes that defendants'

23  infringement of plaintiff's copyright in the Copyrighted Works is national and

24  international in scope.  Plaintiff is informed and believes that defendants are

25  selling, marketing, and otherwise exploiting infringing products online, by

26  selling and marketing directly to the general public, by distributing infringing

27  products to other online retailers and brick-and-mortar retailers, and by other

28  means.  Plaintiff is informed and believes that such other retailers are located

8

within and outside the State of California, and within and outside the United States, and that defendants' actions infringing the Copyrighted Works crossed state lines.

34.    Plaintiff is informed and believes that defendants are manufacturing infringing products outside the State of California and outside the United States, and that defendants are importing such infringing products into the United States in violation of plaintiff's copyright in the Copyrighted Works.

### *FIRST CLAIM FOR RELIEF*
### *DIRECT COPYRIGHT INFRINGEMENT*

35.    Plaintiff hereby incorporates by reference paragraphs 1 through 34 above, as if fully set forth herein.

36.    Plaintiff GUIDO KARP is the author, creator, and registered owner of the Copyrighted Works.  The Copyrighted Works are registered with the U.S. Copyright Office.

37.    The Copyrighted Works are wholly original with plaintiff and at all times constituted and constitute copyrightable subject matter under the laws of United States.

38.    Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Works under 17 U.S.C. § 106.

39.    At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Works.

40.    Since May 4, 2016, defendants were and are reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Works, in

COMPLAINT

1 physical and digital forms, and manufacturing, selling, offering to sell,
2 marketing, advertising, promoting, shipping, distributing, and otherwise
3 exploiting exact copies of the Copyrighted Works, or substantially similar
4 copies of the Copyrighted Works, or derivative works based upon the
5 Copyrighted Works, among other infringements, knowingly and wilfully,
6 without plaintiff's authorization, and despite actual notice of copyright
7 infringement.

8      41.   The infringement of plaintiff's rights in and to each of the
9 Copyrighted Works constitutes a separate and distinct act of infringement.

10      42.   The foregoing acts of infringement are and were wilful,
11 intentional, purposeful, and deliberate, in disregard of and indifferent to the
12 rights of plaintiff.

13      43.   Defendants' acts complained of herein constitute
14 infringement of plaintiff's registered copyrights and exclusive rights under
15 copyright in violation of 17 U.S.C. §§ 106 and 501.

16      44.   As a direct and proximate result of defendants' copyright
17 infringement, plaintiff suffered significant damage in an amount not presently
18 known with certainty, but which will be proven at trial.  Plaintiff is entitled to
19 recover his actual damages suffered by him as a result of the infringement,
20 and any profits of defendants that are attributable to the infringement and are
21 not taken into account in computing the actual damages.

22      45.   Alternatively, plaintiff is entitled to recover an award of
23 statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount
24 of $150,000 with respect to each work infringed, or in such other amounts as
25 may be proper under 17 U.S.C. § 504(c).

26      46.   Defendants' conduct, as set forth herein, is causing and,
27 unless enjoined and restrained by this Court, will continue to cause plaintiff
28 great and irreparable injury that cannot be fully compensated or measured in

COMPLAINT

1   money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C.

2   § 502, plaintiff is entitled to preliminary and permanent injunctive relief

3   prohibiting further infringements of plaintiff's copyrights and exclusive rights

4   under copyright.

5      47. Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order

6   for the impounding of all copies claimed to have been made or used in

7   violation of plaintiff's exclusive rights under copyright, and of all plates, molds,

8   matrices, masters, tapes, film negatives, or other articles by means of which

9   such copies may be reproduced, and to a final judgment and order for the

10  destruction of all such copies found to have been made or used in violation of

11  plaintiff's exclusive rights under copyright, and of all plates, molds, matrices,

12  masters, tapes, film negatives, or other articles by means of which such

13  copies may be reproduced.

14     48. Under the circumstances described herein, defendants will

15  be unjustly enriched if they are allowed to profit by their wrongful conduct.

16  Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of,

17  all funds, assets, accounts, and business opportunities unjustly acquired by

18  defendants.

19     49. Plaintiff is further entitled to recover his attorney's fees and

20  costs pursuant to 17 U.S.C. § 505.

21

22         ***SECOND CLAIM FOR RELIEF***

23      ***CONTRIBUTORY COPYRIGHT INFRINGEMENT***

24     50. Plaintiff hereby incorporates by reference paragraphs 1

25  through 49 above, as if fully set forth herein.

26     51. Plaintiff GUIDO KARP is the author, creator, and registered

27  owner of the Copyrighted Works.  The Copyrighted Works are registered with

28  the U.S. Copyright Office.

COMPLAINT

52.     The Copyrighted Works are wholly original with plaintiff and at all times constituted and constitute copyrightable subject matter under the laws of United States.

53.     Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Works under 17 U.S.C. § 106.

54.     At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Works.

55.     Since May 4, 2016, defendants were and are reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Works, in physical and digital forms, and manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, and otherwise exploiting exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.

56.     Since May 4, 2016, defendants intentionally induced or encouraged direct infringement of the Copyrighted Works by others by selling, distributing, or otherwise transferring infringing products to booksellers, retailers, and other distributors for resale to the general public; by manufacturing, marketing, advertising, promoting, shipping, and distributing infringing products that were sold, distributed, or otherwise transferred to such distributors; by creating, reproducing, publicly displaying, and distributing digital images of the Copyrighted Works and infringing products that were provided to such distributors for such distributors' own unauthorized use,

12

COMPLAINT

1  reproduction, public display, and distribution; and by preparing derivative
2  works based upon the Copyrighted Works that were sold, distributed, or
3  otherwise transferred to such distributors; among other ways, all without
4  plaintiff's authorization.

5       57.   Such distributors were and are reproducing, copying,
6  duplicating, publicly displaying, distributing, preparing derivative works based
7  upon, and otherwise exploiting the Copyrighted Works, in physical and digital
8  forms, and manufacturing, selling, offering to sell, marketing, advertising,
9  promoting, shipping, distributing, and otherwise exploiting exact copies of the
10 Copyrighted Works, or substantially similar copies of the Copyrighted Works,
11 or derivative works based upon the Copyrighted Works, among other
12 infringements, knowingly and wilfully, without plaintiff's authorization.

13       58.   The infringement of plaintiff's rights in and to each of the
14 Copyrighted Works constitutes a separate and distinct act of infringement.

15       59.   The foregoing acts of infringement are and were wilful,
16 intentional, purposeful, and deliberate, in disregard of and indifferent to the
17 rights of plaintiff.

18       60.   Defendants' acts complained of herein constitute
19 contributory infringement of plaintiff's registered copyrights and exclusive
20 rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

21       61.   As a direct and proximate result of defendants' contributory
22 copyright infringement, plaintiff suffered significant damage in an amount not
23 presently known with certainty, but which will be proven at trial.  Plaintiff is
24 entitled to recover his actual damages suffered by him as a result of the
25 infringement, and any profits of defendants that are attributable to the
26 infringement and are not taken into account in computing the actual damages.

27       62.   Alternatively, plaintiff is entitled to recover an award of
28 statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount

COMPLAINT

1  of $150,000 with respect to each work infringed, or in such other amounts as

2  may be proper under 17 U.S.C. § 504(c).

3          63.    Defendants' conduct, as set forth herein, is causing and,

4  unless enjoined and restrained by this Court, will continue to cause plaintiff

5  great and irreparable injury that cannot be fully compensated or measured in

6  money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C.

7  § 502, plaintiff is entitled to preliminary and permanent injunctive relief

8  prohibiting further infringements of plaintiff's copyrights and exclusive rights

9  under copyright.

10          64.    Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order

11  for the impounding of all copies claimed to have been made or used in

12  violation of plaintiff's exclusive rights under copyright, and of all plates, molds,

13  matrices, masters, tapes, film negatives, or other articles by means of which

14  such copies may be reproduced, and to a final judgment and order for the

15  destruction of all such copies found to have been made or used in violation of

16  plaintiff's exclusive rights under copyright, and of all plates, molds, matrices,

17  masters, tapes, film negatives, or other articles by means of which such

18  copies may be reproduced.

19          65.    Under the circumstances described herein, defendants will

20  be unjustly enriched if they are allowed to profit by their wrongful conduct.

21  Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of,

22  all funds, assets, accounts, and business opportunities unjustly acquired by

23  defendants.

24          66.    Plaintiff is further entitled to recover his attorney's fees and

25  costs pursuant to 17 U.S.C. § 505.

26  //

27  //

28  //

COMPLAINT

### *THIRD CLAIM FOR RELIEF*
### *VICARIOUS COPYRIGHT INFRINGEMENT*

67.    Plaintiff hereby incorporates by reference paragraphs 1 through 66 above, as if fully set forth herein.

68.    Plaintiff GUIDO KARP is the author, creator, and registered owner of the Copyrighted Works.  The Copyrighted Works are registered with the U.S. Copyright Office.

69.    The Copyrighted Works are wholly original with plaintiff and at all times constituted and constitute copyrightable subject matter under the laws of United States.

70.    Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Works under 17 U.S.C. § 106.

71.    At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Works.

72.    Defendants had the right to stop or limit infringement by others of the Copyrighted Works, including without limitation by ceasing to reproduce, copy, duplicate, publicly display, distribute, prepare derivative works based upon, and otherwise exploit the Copyrighted Works, in physical and digital forms; by ceasing to manufacture, sell, offer to sell, market, advertise, promote, ship, distribute, and otherwise exploit exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works; by ceasing to sell, distribute, publicly exhibit, market, or otherwise transfer infringing products; by ceasing to sell, distribute, or otherwise transfer infringing products to booksellers, retailers, and other distributors for resale to the general public; by ceasing to manufacture, market, advertise, promote, ship, and distribute

---

infringing products that were sold, distributed, or otherwise transferred to such distributors; by ceasing to create, reproduce, publicly display, and distribute digital images of the Copyrighted Works and infringing products that were provided to such distributors for such distributors' own unauthorized use, reproduction, public display, and distribution; and by ceasing to prepare derivative works based upon the Copyrighted Works that were sold, distributed, or otherwise transferred to such distributors; among other ways.

73.   Defendants declined to exercise their right to stop or limit infringement by others of the Copyrighted Works.

74.   While declining to exercise their right to stop it or limit it, defendants profited from direct infringement by others of the Copyrighted Works, by continuing to sell, distribute, or otherwise transfer infringing products to others and to be paid for them, among other ways.

75.   The infringement of plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

76.   The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

77.   Defendants' acts complained of herein constitute vicarious infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

78.   As a direct and proximate result of defendants' vicarious copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial.  Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.
//

COMPLAINT

79.   Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

80.   Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

81.   Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

82.   Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of, all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

83.   Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

//

17

COMPLAINT

### ***FOURTH CLAIM FOR RELIEF***
### ***INJUNCTIVE RELIEF***

84.     Plaintiff hereby incorporates by reference paragraphs 1 through 83 above, as if fully set forth herein.

85.     Defendants will, unless preliminarily and permanently enjoined, continue to engage in the foregoing acts and practices against plaintiff.  Unless defendants are so enjoined, plaintiff will suffer immediate and irreparable harm for which he lacks an adequate remedy of law.

86.     Plaintiff is therefore entitled to orders and judgment of this Court, preliminarily and permanently enjoining defendants and all persons acting in concert with them from the following:

(a)     Infringing any of plaintiff's copyrights in the Copyrighted Works.

(b)     Reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, or otherwise exploiting the Copyrighted Works, whether in physical or digital form.

(c)     Manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, or otherwise exploiting exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works, or digital images of the Copyrighted Works.

(e)     Conspiring or acting in concert with anyone else to engage in any of the foregoing activities.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants as follows:

1.     On the First, Second, and Third Claims for Relief, for damages according to proof.

18

1            2.     On the First, Second, and Third Claims for Relief, for any

2 profits of defendants that are attributable to the infringement and are not taken

3 into account in computing actual damages.

4            3.     On the First, Second, and Third Claims for Relief, for an

5 award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum

6 amount of $150,000 with respect to each work infringed, or in such other

7 amounts as may be proper under 17 U.S.C. § 504(c).

8            4.     On all Claims for Relief, for orders and judgment of this

9 Court preliminarily and permanently enjoining defendants from infringing

10 plaintiff's copyrights in the Copyrighted Works and from otherwise engaging in

11 unlawful acts as alleged therein.

12            5.     On the First, Second, and Third Claims for Relief, for an

13 order for the impounding of all copies claimed to have been made or used in

14 violation of plaintiff's exclusive rights under copyright, and of all plates, molds,

15 matrices, masters, tapes, film negatives, or other articles by means of which

16 such copies may be reproduced, and to a final judgment and order for the

17 destruction of all such copies found to have been made or used in violation of

18 plaintiff's exclusive rights under copyright, and of all plates, molds, matrices,

19 masters, tapes, film negatives, or other articles by means of which such

20 copies may be reproduced, pursuant to 17 U.S.C. § 503.

21            6.     On the First, Second, and Third Claims for Relief, for a

22 constructive trust on, and a disgorgement of, all funds, assets, property,

23 accounts, and business opportunities unjustly acquired by defendants.

24            7.     For costs of suit, attorney's fees, and prejudgment interest.

25 //

26 //

27 //

28 //

COMPLAINT

1    8.    For such other and further relief as the Court may deem just

2  and proper.

3

4  DATED:  December 13, 2016        LAW OFFICES OF JOHN A. CASE, JR.

5                                         /s/

6                                  By:_____

7                                       John A. Case, Jr.
                                    Attorneys for Plaintiff
8                                   GUIDO KARP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3          Plaintiff GUIDO KARP hereby demands a trial by jury.

4

5    DATED:  December 13, 2016        LAW OFFICES OF JOHN A. CASE, JR.

6                                              /s/

7                                    By:_____

8                                         John A. Case, Jr.
                                     Attorneys for Plaintiff
9                                    GUIDO KARP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT